IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50861
Summary Calender
_____


MARK CAUDILL

                                        Plaintiff-Appellant

v.

CITY OF WACO/CAMERON PARK ZOO

                                        Defendant-Appellee

_____

Appeal from the United States District Court
for the Western District of Texas
No. W-98-CV-122
_____
June 20, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Mark Caudill ("Caudill") appeals the

district court's entry of summary judgment in favor of Defendant-

Appellee the City of Waco/Cameron Park Zoo (the "City").  We

AFFIRM.

    Caudill, proceeding pro se, originally brought suit under

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act, alleging that he had been the victim of illegal employment discrimination. Caudill was hired on March 10, 1994 to work as a part-time groundskeeper at the Cameron Park Zoo. As full-time jobs became available at the zoo, Caudill would apply to be promoted to the full-time positions. In his complaint, Caudill alleged that he was continually denied promotion and that the City failed to promote him to a full-time position because of his race and national origin.[1] Caudill further alleged that he was fired in retaliation for having filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR") regarding the City's continuing failure to promote him to a full-time position. Caudill also alleged that, after he filed his initial charges of discrimination with the EEOC and TCHR, he was subject to intimidation, assault, battery, libel, slander, and verbal and sexual harassment at work.

The City contends that the reason Caudill was initially denied promotion to full-time status was because other applicants for the full-time positions were more qualified and had more experience. The City also points out that Caudill's chances for promotion were hampered by a number of unsatisfactory performance

---

[1] Caudill was eventually promoted to full-time employment on May 26, 1996. His employment was terminated on January 8, 1997.

2

reviews received while he was employed part-time.  As to Caudill's termination, the City argues that he was not fired in retaliation for filing charges of discrimination, but because he threatened to kill his supervisor.

The district court assigned the case to a United States Magistrate Judge for the resolution of all non-dispositive pre-trial motions and for reports and recommendation regarding dispositive motions.  The City subsequently filed a motion for summary judgment.  On July 2, 1999, after considering the parties' arguments, the magistrate judge recommended that the City's motion be granted.  The magistrate's report and recommendation clearly stated that failure to file written objections to the report within ten days of receipt would bar a party from receiving de novo review by the district court.  The report also stated that failure to file objections would, absent plain error, bar a party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1986).

Caudill filed a motion with the district court requesting an extension of time to file his objections to the magistrate's report.  The district court granted his motion, giving Caudill until 10 days from July 28, 1999 to file objections.  Caudill, however, never filed any objections to the magistrate's report and, on August 24, 1999, the district court adopted the

3

magistrate's factual findings and legal conclusions and entered judgment in favor of the City. Caudill timely appeals.[2]

Given that Caudill failed to file any objections to the magistrate's report, and that the magistrate's report contained a clear statement of the consequences of failing to object, we may only reverse the district court upon a finding of plain error.[3] See Douglass, 79 F.3d at 1428-29. An error is "plain" if it is "clear," "obvious," or "readily apparent." See United States v. Calverley, 37 F.3d 160, 163 (5th Cir. 1994) (citations omitted). Furthermore, to constitute plain error, the error must affect the appellant's substantial rights. See id. at 164. Even if we find plain error, we need only reverse the district court if the error "seriously affect[s] the fairness, integrity, or public

_____

[2] Caudill has also filed a number of motions with this court. In these motions, Caudill requests that we appointment him counsel, issue a subpoena duces tecum, allow him to supplement the record on appeal, strike the City's appellate brief, and allow him to file a reply brief in excess of the page limitation.

[3] We are not unsympathetic to the plight of a pro se litigant attempting to proceed through the maze of filing requirements and technical rules that face a party to civil litigation. In many instances, the court will overlook certain technical shortcomings in a pro se litigant's pleadings. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that documents filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers.") (per curiam). In this case, however, we can not overlook Caudill's complete failure to file objections to the magistrate's report. The magistrate's report was clear and unequivocal regarding the consequences of failing to file written objections. Furthermore, Caudill's motion to extend the time to file such objections demonstrates that he was aware of the importance of filing written objections and the deadline for filing them.

reputation of judicial proceedings."  <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936); <u>see</u> <u>also</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).

After a careful review of the magistrate's report and recommendations, and the record on appeal, we fail to discern any error, plain or otherwise.  The magistrate's factual findings and legal conclusions were based on a full review of the record and well-established legal principles.  Finding no plain error, we AFFIRM.  Consequently, Caudill's outstanding motions are DENIED.